```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DAVID M. SKINNER,

                         Plaintiff,            05-CV-0635T

              v.                               DECISION
                                               and ORDER
JO ANNE B. BARNHART, Commissioner
of Social Security

                         Defendant.
_____
```

INTRODUCTION

Plaintiff David M. Skinner ("Skinner") brings this action pursuant to Title II of the Social Security Act, § 201 et. seq. (Codified at 42 U.S.C. § 401 et. seq.)("the Act") claiming that the Commissioner of Social Security improperly denied his application for disability benefits for a closed period from May 11, 2001 through November 1, 2003.[1] Specifically, Skinner alleges that the decision of an Administrative Law Judge ("ALJ") was erroneous because the ALJ did not properly explain why he did not assign full credibility to his subjective complaints of pain, and did not sufficiently consider the disabling effect of the prescription medications that he was taking in an attempt to manage his pain.

The Commissioner moves for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by

---

[1] This case was transferred to the undersigned by the Honorable Richard J. Arcara, Chief Judge, United States District Court for the Western District of New York by Order dated April 5, 2007.

substantial evidence, and was made in accordance with applicable law.  Plaintiff opposes the Commissioner's motion, and cross moves for judgment on the pleadings in his favor.

## PROCEDURAL HISTORY

On January 29, 2002, plaintiff David Skinner, a 29 year old laborer, applied for Social Security disability benefits claiming that he had become unable to work as of May 11, 2001, because of neck and back pain that resulted from an injury sustained in an automobile accident.  Plaintiff was denied benefits on May 16, 2002, and thereafter requested reconsideration which was denied on January 15, 2003.  Plaintiff requested an administrative hearing which was held on July 15, 2004, at which hearing plaintiff was represented by an attorney.

On the basis of the hearing and the medical record, the ALJ found that although Skinner suffered from a "severe" condition resulting from his neck and back disorders, none of his conditions either separately or in combination, constituted an impairment which disabled him for 12 months or more during the closed period as required by the Act.  The ALJ found that although Skinner did not retain the residual functional capacity to do his past work as a laborer, he did retain the capacity to perform a significant range of "sedentary" work, and therefore, pursuant to the Social Security Regulations, he was not disabled.  Skinner's appeal to the Social Security Appeals Counsel was denied by Order dated July 29, 2005.  Thereafter, Skinner timely-filed the instant action on September 8, 2005.

DISCUSSION

I.  Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Additionally, the section directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings were supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2d Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

The court must "scrutinize the record in its entirety to determine the reasonableness of the decision reached." Lynn v. Schweiker, 565 F.Supp 265, 267 (S.D. Tex. 1983) (citation omitted). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment

on the merits is possible merely by considering the contents of the pleadings. <u>Sellers v. M.C. Floor Crafters, Inc.</u>, 842 F.2d 639 (2d Cir. 1988).  If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," judgment on the pleadings may be appropriate. <u>See</u>, <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  Because the court determines that the findings of the ALJ are supported by substantial evidence, judgment on the pleadings is hereby granted for the defendant.

  II. <u>The Commissioner's decision to deny Plaintiff's Application is supported by the substantial evidence in the record.</u>

According to the medical record, on or about April 20, 2001, Skinner injured his back in a fall from a crane. Shortly thereafter, on May 11, 2001, plaintiff was involved in an automobile accident.  Skinner did not lose consciousness following the accident, was able to exit the car under his own power, and did not seek emergency medical treatment for any injuries he may have sustained.  One week after the accident, on May 18, 2001, Skinner consulted with Dr. Loubert S. Suddaby, ("Dr. Suddaby") a neurosurgeon for complaints of back and neck pain.  Following months of diagnostic procedures and testing, on December 5, 2001, Dr. Suddaby performed a C4-5, C5-6, and C6-7 anterior cervical microdiscectomy and fusion on the plaintiff.  Almost eight months later, on July 29, 2002, Suddaby performed an L4-5, L5-S1, radical anterior lumbar discectomy with interbody fusion on the plaintiff.

As a result of the injuries and surgeries, Dr. Suddaby noted in December, 2002 report, that plaintiff would suffer from some permanent symptoms. Nevertheless, in February, 2003, Dr. Suddaby opined that plaintiff could perform "light duty" work.

Based on the record before him, including the plaintiff's testimony, the ALJ determined that Skinner was not disabled. Plaintiff contends that the Commissioner's decision is not supported by the substantial evidence contained in the record because the ALJ failed to assign proper weight to his complaints of pain. Specifically, the plaintiff alleges that although the ALJ found his subjective complaints of pain to be "exaggerated", the ALJ failed to explain why he made such a credibility determination, and accordingly committed error. Plaintiff further contends that the ALJ failed to consider all of his complaints of pain, and that had the ALJ done so, he would have determined that plaintiff was disabled during the closed period May 11, 2001 through November 1, 2003.

I find, however, that the ALJ properly considered plaintiff's subjective complaints of pain in determining whether or not the plaintiff was disabled within the meaning of the Act. The ALJ acknowledged that the plaintiff's injuries were consistent with the pain he complained of, but believed that the plaintiff was exaggerating with respect to certain complaints. This conclusion is supported by the substantial evidence contained in the record, including the objective medical evidence which demonstrated that in December, 2001, plaintiff retained full power in his extremities;

-Page 5-

his gate was normal; he suffered only mild pain upon full flexion of the cervical spine, and that he walked without difficulty. (Transcript at 123-130). Moreover, in February, 2003, plaintiff's treating neurosurgeon, Dr. Suddaby, cleared him to return to light duty work, stating that "I am pleased with his progress thus far and I've released him for light duty work." (Transcript at 171) Additionally, the non-medical evidence revealed that plaintiff drove his car, performed light household work, was able to care for himself, and was not prescribed any assistive devices.

Plaintiff further alleges that the ALJ did not properly consider the combined disabling effects of the medications he was taking to cope with pain in his back and neck. The medical evidence reveals, however, that any side effects from the medications that the plaintiff was taking were not disabling. In January, 2001, plaintiff reported to his doctor that he did not have any side effects from his medications. Nor did the plaintiff report any side effects from medications to any treating or examining physician. Accordingly, I find that the ALJ properly determined that the combination of plaintiff's medications either alone or in combination with his medical condition, did not result in a disability.

Because there is objective evidence in the record to support the ALJ's finding that plaintiff's complaints of pain were not entirely credible, I find that the ALJ's determination that the plaintiff was not disabled within the meaning of the Act was proper, and I grant defendant's motion for judgment on the

pleadings, and deny plaintiff's cross-motion for judgment on the pleadings.

## CONCLUSION

I find that the ALJ's decision that plaintiff was not disabled and unable to work during the period May 11, 2001 through November 1, 2003 is supported by substantial evidence in the record. For the reasons set forth above, I grant defendant's motion for judgment on the pleadings, deny plaintiff's cross-motion for judgment on the pleadings, and dismiss plaintiff's Complaint.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         April 18, 2007